IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GRASSHOPPER LAWNS, LLC** | * | **CIVIL ACTION NO.** |
| **Plaintiff** | * | |
| | * | **CASE NO.** |
| **VERSUS** | * | |
| | * | **SEC.** |
| **MORIDGE MANUFACTURING, INC.** | * | |
| **Defendant** | * | **JUDGE:** |
| | * | |
| | * | **MAG:** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT**

Now Into Court comes **Grasshopper Lawns, LLC** who files this Complaint with Jury Demand:

**Jurisdiction and Venue**

1. This United States District Court has jurisdiction under **15 USC §1121** of claims under the **Lanham Act (15 USC §1501,** *et seq.*); jurisdiction for declaratory judgment under **28 USC §2201(a);** and supplemental jurisdiction under **28 USC §1367** over state-law claims: under **Louisiana Trademark Law, La. R.S. 51:211,** *et seq.*; the **Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1405,** *et seq.*; and **Louisiana Civil Code Article 2315**; arising from the same transactions or occurrences and implicating the same questions of fact and related questions of law.

2. Venue is proper in the Eastern District of Louisiana under **28 USC §1391** where the Defendant is subject to personal jurisdiction and is doing business.

### Plaintiff

3. **Grasshopper Lawns, LLC** is a Louisiana limited liability company, with domicile address 39502 Hwy 190 East, Slidell, LA 70461, St. Tammany Parish, and is Plaintiff here.

### Defendant

4. **Moridge Manufacturing, Inc.** is a Kansas corporation, with principle office and place of business at 105 Old U.S. Hwy 81, Moundridge, KS 67107, regularly doing business in Louisiana through authorized dealers in Louisiana, including Lawn Equipment Co., 1043 Reagan Hwy, Covington, Louisiana, and is made Defendant here.

### Federal Law Re Trademarks

5. The **Trademark Act of 1946**, as amended, called the **Lanham Act**, codified at **15 USC §1501,** *et seq.*, governs registered and unregistered trademarks, and unfair competition.

6. Registration of federal trademarks is administered by the United States Patent and Trademark Office (USPTO). Cancellation proceedings against registered trademarks are conducted by the USPTO Trademark Trial and Appeals Board (TTAB).

7. Trademark rights arise by exclusive use in commerce, and can be negated, abandoned, or lost by non-use or non-exclusive use, as provided in **Lanham Act §45 (15 USC §1127)**.

8. False assertion of a trademark whether or not federally registered, including false assertion of state-registered or common-law trademarks, is unfair competition or trade practice under **Lanham Act Section 43(a) (15 USC §1125(a))**.

9. Under **Lanham Act §37 (15 USC §1119)** this district court may properly determine whether Grasshopper Lawns, LLC and Moridge Manufacturing, Inc. own the respective trademark rights claimed, and may enter an order that any trademark is valid or invalid or that any registration

2

should be validated or cancelled by the USPTO.

## Louisiana Law

10.     Louisiana state-law trademarks are governed by **La. R.S. 51:211,** *et seq.*

11.     False assertion of a trademark is unfair competition or trade practice under the **Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1405,** *et seq.*, and is also actionable under **Louisiana Civil Code Article 2315**.

## Allegations

12.     Grasshopper Lawns, LLC started its business of lawn care, lawn mowing, and landscaping services, in and around St. Tammany Parish, Louisiana, in 2004, and expanded its services after Hurricane Katrina in 2005 to also offer demolition and debris removal, pressure washing, and cleanup and trash removal.

13.     Grasshopper Lawns, LLC has been continuously engaged in those businesses from 2004 to the present.

14.     "Grasshopper Lawns" is the legitimate trade name of Grasshopper Lawns, LLC.

15.     Grasshopper Lawns, LLC has been using a logo on its signage, equipment, vehicles, advertising, and literature, comprising the name "Grasshopper Lawns" and a unique design of a fanciful, strong-and-severe-looking grasshopper-human hybrid seated on a lawn mower.

16.    This is the Grasshopper Lawns, LLC logo:



17.    The USPTO Registration Certificate (Exhibit A here) for this trademarked logo of Grasshopper Lawns, LLC describes the design as: "The mark consists of the stylized text "Grasshopper Lawns". Below the text is the image of a grasshopper. The grasshopper possesses the body of a large man with four arms and two legs. The grasshopper is seated in a riding lawnmower."

18.    Grasshopper Lawns, LLC owns Louisiana Service-Mark Registration No. 63-8241, "GRASSHOPPER LAWNS" AND LOGO: W/GRASSHOPPER ON LAWNMOWER BELOW, in Class 43, Advertising and Business, first used and first used in Louisiana 1-JUN-2004, in the lawn service & landscape business, registered 11-JUL-2012.

19.    Grasshopper Lawns, LLC owns United States Trademark Registration No. 4,298,233, GRASSHOPPER LAWNS (stylized and/or with design) for lawn care; lawn mowing services, in Class 044, first use and first use in commerce 2004, "LAWNS" disclaimed, registered 5- MAR-2013, from application Serial No. 85-681,033, filed 18-JUL-2012.

20.    Defendant Moridge Manufacturing, Inc. is in the business of manufacturing and marketing power grass mowers under the GRASSHOPPER brand name, throughout the United States,

through authorized distributors and dealers.

**21.**     Moridge Manufacturing, Inc. regularly and consistently makes sales of GRASSHOPPER-brand power grass mowers within Louisiana through its authorized distributors and dealers, including but not limited to Lawn Equipment Co., 1043 Reagan Hwy, Covington, Louisiana, in St. Tammany Parish, Louisiana.

**22.**     Moridge Manufacturing, Inc. regularly and consistently conducts advertising, marketing, and promotions of GRASSHOPPER-brand power grass mowers within Louisiana, through or in cooperation with its authorized distributors and dealers, including but not limited to Lawn Equipment Co., 1043 Reagan Hwy, Covington, Louisiana, in St. Tammany Parish, Louisiana.

**23.**     Moridge Manufacturing, Inc. owns U.S. Trademark Registration No. 1,000,234, GRASSHOPPER (stylized) for riding power mowers in Class 007, first use and first use in commerce FEB-1971, registered 24-DEC-1974, from application Serial No. 72-433,631 filed 24-AUG-1974.

**24.**     This is Moridge Manufacturing, Inc.'s GRASSHOPPER (stylized) registresd mark 1,000,234 for riding power mowers in Class 007:



**25.**     Moridge Manufacturing, Inc. owns U.S. Trademark Registration No. 1,057,404, word mark GRASSHOPPER, for riding power mowers in Class 007, first use and first use in commerce FEB- 1971, registered 1-FEB-1977, from application Serial No. 73-078,691 filed 1-MAR-1976.

**26.**     On 19-DEC-2014, Moridge Manufacturing, Inc. filed a Petition for Cancellation, No. 92-060711, in the USPTO TTAB, against Grasshopper Lawns, LLC's Registration No. 4,298,233, GRASSHOPPER LAWNS (stylized and/or with design) for lawn care; lawn mowing

services, in Class 044, asserting false suggestion of a connection under 15 USC §1052(a) and priority and likelihood of confusion under 15 USC §1052(d) as grounds.

27. Counsel for Moridge Manufacturing, Inc. served a copy of the Petition for Cancellation on the listed attorney of record who had formerly represented Grasshopper Lawns, LLC in filing its application for registration in the USPTO, in Slidell, St. Tammany Parish, Louisiana.

28. On 30-DEC-2014, counsel for Moridge Manufacturing, Inc. sent an additional e-mail to the listed counsel of record for Grasshopper Lawns, LLC, noting that "we have filed a number of these actions over the years", "[w]e are hopeful that this one can be resolved quickly and at a minimal expense to your client", suggesting "for you to voluntarily file a Surrender of Registration for Cancellation", and "[t]his would obviously avoid the cost of the Cancellation and its accompanying discovery". (Exhibit B here.)

29. In its Petition for Cancellation No. 92-060711, at page 3, Moridge Manufacturing, Inc. asserts an unregistered common-law trademark in "a grasshopper mascot, which goes by the name 'G-Mow'" against Grasshopper Lawns, LLC's Registration No. 4,298,233, GRASSHOPPER LAWNS (stylized and/or with design) for lawn care; lawn mowing services, in Class 044.

30. In its Petition for Cancellation No. 92-060711, at page 5, Moridge Manufacturing, Inc. asserts that its "GRASSHOPPER, GRASSHOPPER & Design, and G-Mow marks are famous and renowned".

31. This is a specimen identified as "Petitioner's G-Mow Mark" on page 3 of Moridge Manufacturing, Inc.'s Petition for Cancellation No. 92-060711:



32. The purported unregistered G-Mow mark is significantly different from Grasshopper Lawns, LLC's registered mark, in several details and in overall commercial impression.

33. The purported unregistered G-Mow mark is presented in close proximity to Moridge Manufacturing, Inc.'s registered house mark No. 1,000,234, GRASSHOPPER (stylized) for riding power mowers in Class 007, reducing any likelihood of consumer confusion.

34. Grasshopper Lawns, LLC's registered mark No. 4,298,233, GRASSHOPPER LAWNS (stylized and/or with design) for lawn care; lawn mowing services in Class 044 comprises both a design and a prominent display of the trade name "Grasshopper Lawns", reducing any likelihood of consumer confusion.

35. The purported unregistered G-Mow mark is used in connection with riding-power-mower goods in Class 007, different from and moving in a different channel of trade than Grasshopper Lawns, LLC's registered service mark used in connection with lawn care and lawn-mowing services in Class 044, because very few customers are likely to purchase and pay for both their own riding power mower and a lawn-mowing service at the same time, since each makes the other

7

redundant.

**36.**     At least 47 current trademark registrations or pending applications incorporating "Grasshopper" are shown as having a "live" status by the USPTO indicating that the word portion of the mark is weak and not inherently distinctive. (Exhibit C here.)

**37.**     Since the documents filed in in the USPTO are public records, Plaintiff Grasshopper Lawns, LLC suffered injury to its business and property, and damages, including but not limited to reputational injury and lost sales to potential and existing customers who rely on Moridge Manufacturing, Inc.'s challenge to Grasshopper Lawns, LLC's registration of, ownership of, and right to use its GRASSHOPPER LAWNS (stylized and/or with design), loss of rights to use its trade name "Grasshopper Lawns", and the expense and lost-business consequences of removing its trade name and its logo from signage, equipment, vehicles, advertising, and literature and re-naming his service business.

**38.**     Defendant Moridge Manufacturing, Inc.'s assertions about unregistered common-law trademark rights in G-Mow, and claims of Grasshopper Lawns, LLC causing confusion about such rights, are misleading statements to Plaintiff's and Defendant's existing and potential customers.

**39.**     Defendant Moridge Manufacturing, Inc. has cast false assertions, thereby tarnishing Plaintiff Grasshopper Lawns, LLC's business regarding the purported unregistered G-Mow trademark and the alleged likelihood of confusion and false suggestion of a connection resulting from use of the trade name and logo comprising the registered GRASSHOPPER LAWNS (stylized and/or with design).

**40.**     Plaintiff Grasshopper Lawns, LLC claims damages, cognizable injury, and ascertainable loss resulting from Defendant Moridge Manufacturing, Inc.'s complained-of actions, including but not limited to the costs and lost profits resulting from not being able to continue offering or

selling services under the "Grasshopper Lawns" trade name or logo to customers without exposure to a claim of trademark infringement from Defendant, costs and lost profits resulting from removing the trade name and logo from the several vehicles and pieces of equipment which serve as a major marketing and advertising tool, and the costs, lost profits, and confusion resulting from loss of use of the trade name and logo.

## Jury Demand

41. Grasshopper Lawns, LLC demands trial by jury of all issues so triable.

## Federal Claims

### Count 1, Lanham-Act Unfair Competition

42. The complained-of actions of Defendant **Moridge Manufacturing, Inc.**, causing injury to Plaintiff **Grasshopper Lawns, LLC**, regarding all assertions of common-law trademark and likelihood of confusion and false suggestion of a connection, as set forth in detail above, are unfair competition under **Lanham Act §43(a) (15 USC §1125(a))**.

43. Plaintiff **Grasshopper Lawns, LLC** is entitled under **Lanham Act §35 (15 USC §1117)** to recover damages, enhanced damages, profits, and litigation costs from Defendant **Moridge Manufacturing, Inc.** for the unlawful actions of unfair competition.

### Count 2, Lanham-Act Exceptional Case

44. Plaintiff **Grasshopper Lawns, LLC** is entitled under **Lanham Act §35 (15 USC §1117)** to recover reasonable attorney fees for Defendant **Moridge Manufacturing, Inc.'s** false or willful acts, which make this case exceptional.

### Count 3, Declaratory Judgment, Invalidity, Non-enforceability, & Non-Infringement of unregistered common-law alleged trademark G-Mor.

45. For the reasons set forth in detail above, Plaintiff **Grasshopper Lawns, LLC** is entitled under **Lanham Act §37 (15 USC §1119)** and **28 USC §2201(a)** to a declaratory judgment that Defendant **Moridge Manufacturing, Inc.'s** purported unregistered common-law trademark in the grasshopper mascot G-Mow is not infringed, is invalid, or is non-enforceable against **Grasshopper Lawns, LLC** at least in the Southeast Louisiana region.

46. Plaintiff **Grasshopper Lawns, LLC** is entitled under **Lanham Act §34 (15 USC §1116)** to an injunction against any continued assertion of any trademark in the grasshopper mascot G-Mow by Defendant **Moridge Manufacturing, Inc.**

### Count 4, Declaratory Judgment, Non-Infringement & Non-enforceability of Registration No. 1,000,234 for GRASSHOPPER (design) in Class 007 & Registration No. 1,057,404 for GRASSHOPPER in Class 007.

47. For the reasons set forth in detail above, Plaintiff **Grasshopper Lawns, LLC** is entitled under **Lanham Act §37 (15 USC §1119)** and **28 USC §2201(a)** to a declaratory judgment that Defendant **Moridge Manufacturing, Inc.'s** trademark Registration No. 1,000,234 for GRASSHOPPER (design) in Class 007 and Registration No. 1,057,404 for GRASSHOPPER in Class 007 are not infringed by and are non-enforceable against **Grasshopper Lawns, LLC** in at least the Southeast Louisiana region.

48. Plaintiff **Grasshopper Lawns, LLC** is entitled under **Lanham Act §34 (15 USC §1116)** to an injunction against any continued assertion of trademark Registrations Nos. 1,000,234 & 1,057,404 by Defendant **Moridge Manufacturing, Inc.**

## Louisiana State Law Claims

### Count 5, Louisiana Unfair Competition & Trade Practices Claim.

49. The complained-of actions of Defendant **Moridge Manufacturing, Inc.**, causing ascertainable losses to Plaintiff **Grasshopper Lawns, LLC**, as set forth in detail above, are unfair competition under the **Louisiana Unfair Trade Practices Act (LUTPA), La. R.S. 51:1405,** *et seq.*

50. Plaintiff **Grasshopper Lawns, LLC** is entitled under the **LUTPA** to recover damages for Defendant **Moridge Manufacturing, Inc.'s** unfair-competition injury.

51. Plaintiff **Grasshopper Lawns, LLC** is entitled under the **LUTPA** to recover treble damages and reasonable attorney fees for Defendant **Moridge Manufacturing, Inc.'s** false or willful actions.

### Count 6, Louisiana Civil Code Article 2315 Damages Claim: Fraud, Obstruction, & Abusive Litigation.

52. Defendant **Moridge Manufacturing, Inc.** is liable to Plaintiff **Grasshopper Lawns, LLC** under **Louisiana Civil Code Article 2315** for damages caused by Moridge Manufacturing, Inc.'s challenge to Grasshopper Lawns, LLC's registration of, ownership of, and right to use its GRASSHOPPER LAWNS (stylized and/or with design), as set forth in detail above.

## Prayer For Relief

**Wherefore** Plaintiff **Grasshopper Lawns, LLC** prays after due proceedings this Court render judgment against Defendant **Moridge Manufacturing, Inc.** for damages, enhanced damages, treble damages, costs, interest, reasonable attorney fees, and injunctive and other equitable relief, under federal Lanham-Act laws, and Louisiana law, and any other equitable or legal remedies authorized.

Dated: February 27, 2015

                                                        Respectfully submitted:

                                                       *s/Thomas S. Keaty*

                                                      Thomas S. Keaty – 7666, T.A.
                                                      KEATY Law Firm
                                                      365 Canal Street, Suite 2410
                                                      New Orleans, Louisiana 70130
                                                      Counsel for Plaintiff
                                                      (504) 524-2100 phone
                                                      (504) 524-2105 fax

VERIFICATION

**STATE OF LOUISIANA**

**PARISH OF**

On this day, appeared before me, the undersigned notary public, Shawn Zografos, owner of Grasshopper, Lawns LLC and after I administered an oath to him, upon his oath, he said he read the Complaint, and the facts stated in it are within his personal knowledge and are true and correct.

_____
Grasshopper Lawns LLC
By Shawn Zografos

Sworn to and subscribed before me on this 26 day of February 2015.

_____
Notary Public

April Dunehew, Notary Public #131966
My commission expires with my life.

---

Sworn to and subscribed before me this 26 day of February 20 15.

_____
April Dunehew, Notary Public #131966
My commission expires with my life.